**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GREGORY IFESINACHI EZEANI,

    Plaintiff - Appellant,

v.

ABDEL HAMEED BADAWY; STEVE
STOCHAJ; DAVID V. JAUREGUI;
PHAME CAMARENA,

    Defendants - Appellees.

No. 23-2137
(D.C. No. 2:23-CV-00539-MIS-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

_____

Plaintiff Gregory Ifesinachi Ezeani appeals from the district court's dismissal

of his pro se lawsuit against New Mexico State University ("NMSU") professors and

administrators.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Ezeani, who lives in New Jersey, alleges that he was enrolled in an online

master's degree program at NMSU and that he was unable to find a person in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

New Jersey to proctor his mid-term and final exams for a class. He alleges his professor rejected his request to use an automated proctor for his exams, and that his subsequent appeals—to the department head, the dean of academics, and the dean of the graduate school—were also rejected. As a result, he alleges he received a zero score for both exams and an "F" in the class. This, in turn, resulted in his not graduating and being placed on academic probation.

Mr. Ezeani's lawsuit alleged that the professor and other administrators violated his due process, equal protection, and Eighth Amendment rights. Before the defendants filed a response, a magistrate judge issued an order under 28 U.S.C. § 1915(e)(2), notifying Mr. Ezeani that it appeared his complaint failed to state a claim for relief and ordering him to show cause why it should not be dismissed.[1] If Mr. Ezeani believed his claims should not be dismissed, the magistrate judge ordered him to file an amended complaint. Although Mr. Ezeani filed a response to the order, he did not file an amended complaint.

The magistrate judge then issued an order dismissing the case. Concerning the due process claim, the magistrate judge held that the complaint failed to identify a protected property interest. *See Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006) (when considering a procedural due process claim, the court

---

[1] Mr. Ezeani appears to argue on appeal that the Supreme Court has abrogated § 1915(e)(2), which requires that where the plaintiff proceeds in forma pauperis, the district court must dismiss the case "at any time" if it determines that the action fails to state a claim on which relief may be granted. As the district court correctly noted, however, § 1915(e)(2) has never been abrogated and remains in full effect.

2

asks whether the plaintiff possess a protected property or liberty interest to which due process protections apply). The magistrate judge also concluded Mr. Ezeani failed to state an equal protection claim because he did not allege that defendants treated him differently from others similarly situated. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) (an equal protection plaintiff must show he was "intentionally treated differently from others similarly situated" (internal quotation marks omitted)). Finally, the magistrate judge held that Mr. Ezeani had no claim under the Eighth Amendment because it applies only to those convicted of a crime. *See Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). Mr. Ezeani filed a timely appeal.[2]

"Under [Federal Rule of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). Although we construe a pro se litigant's pleadings liberally, we will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840. Therefore, any argument not clearly made in a party's opening brief will be deemed waived. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

---

[2] Although the district court dismissed the case without prejudice, the dismissal is final and appealable because the district court order dismissed the entire action. *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) ("[I]f a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable.").

Mr. Ezeani fails to meaningfully challenge any of the bases for the district court's dismissal of his lawsuit. His opening brief largely reiterates his conclusory allegations against defendants. We therefore hold that Mr. Ezeani has waived any challenge to the district court's rulings.

The judgment of the district court is affirmed.

Entered for the Court


Joel M. Carson III
Circuit Judge